UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAXO ANILUS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 17-11332-ADB |
| | * | |
| ACLU OF MASSACHUSETTS, | * | |
| | * | |
| Defendant. | * | |

ORDER

July 27, 2017

BURROUGHS, D.J.

For the reasons set forth below, the Court directs the plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

On July 19, 2017, Maxo Anilus filed a *pro se* complaint [ECF No. 1] against the American Civil Liberties Union of Massachusetts ("ACLUm"). Although the plaintiff's theory of liability is not entirely clear, the thrust of the action appears to be that the ACLUm failed to properly represent him in regards to claims he wanted pursued on his behalf. Anilus further alleges that the ACLUm prevented other attorneys from taking the case and failed to return important documents to him.

## II. DISCUSSION

A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'"

*Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).  "The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)).  Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  *Id*.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws.  *See* 28 U.S.C. § 1331 ("§ 1331").  They also have jurisdiction over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332 ("§ 1332").  For purposes of § 1332, a party is a citizen of the state in which he is domiciled.  *See Garcia Perez v. Santaella*, 364 F.3d 348, 350 (1st Cir. 2004).  A corporation is a citizen of every state in which it has been incorporated and the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

Here, it does not appear that the Court has subject matter jurisdiction over this matter.  Anilus has not identified, and the Court cannot discern, a claim arising under federal law.  Thus, subject matter jurisdiction under § 1331 does not exist.

Further, subject matter jurisdiction under § 1332 is also absent.  Anilus represents that he resides in Massachusetts, and many of the exhibits attached to his complaint show that he has used a Massachusetts address for years.  According to the complaint, the ACLUm is located in Massachusetts.  Further, publically-available state records indicate that the ACLUm was organized in Massachusetts in 2001.[1]  Because it appears that the plaintiff and the defendant are citizens of Massachusetts, § 1332 does not give the Court jurisdiction over this action.

---

[1] *See* Business Entity Summary for American Civil Liberties Union of Massachusetts, Inc., which can be found on the web page of the Secretary of the Commonwealth of Massachusetts.

## III. CONCLUSION

Accordingly, Anilus shall, within 35 days of the date of this order, show cause why this action should not be dismissed for lack of subject matter jurisdiction. In other words, he must demonstrate either that (1) his claim arises under federal law; or (2) the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Failure to comply with this directive may result in dismissal of the action for lack of subject matter jurisdiction.

**SO ORDERED.**

                                     /s/ Allison D. Burroughs
                                     ALLISON D. BURROUGHS
                                     UNITED STATES DISTRICT JUDGE

---

http://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?FEIN=000800588&SEARCH_TYPE=1 (last viewed July 26, 2017).