UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAXO ANILUS, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 17-11332-ADB |
| ACLU OF MASSACHUSETTS, | * | |
| Defendant. | * | |

ORDER

November 20, 2017

BURROUGHS, D.J.

For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction.

On July 19, 2017, Maxo Anilus filed a *pro se* complaint [ECF No. 1] against the American Civil Liberties Union of Massachusetts ("ACLUm"). Although the plaintiff's theory of liability is not entirely clear, the thrust of the action appears to be that the ACLUm failed to properly represent him in regards to claims he wanted to pursue. Anilus further alleges that the ACLUm prevented other attorneys from assisting him and failed to return documents to him.

In an order dated July 27, 2017 [ECF No. 5], the Court directed Anilus to show cause why this action should not be dismissed for lack of subject matter jurisdiction. The Court explained that its jurisdiction is limited to actions arising under federal law or where the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Anilus responded by filing an amended complaint [ECF No. 11] that is substantially similar to the original complaint. The amended pleading does not cure the jurisdictional

deficiencies of the original complaint. Anilus names the American Civil Liberties Union ("ACLU")—rather than the ACLUm—as the sole defendant and refers to the ACLU as a "[g]overnment agency and national organization." Amend. Compl. at 1. However, his factual allegations and the exhibits to the amended complaint indicate that his claims concern the alleged misconduct of ACLUm. He uses the same address for the ACLU as he did for the ACLUm. To the extent Anilus is trying to create diversity of citizenship by naming the ACLU as a defendant, his attempt fails.

Anilus also represents in the amended complaint that federal question jurisdiction exists because unidentified provisions of the United States Constitution are at issue in this case. Nonetheless, the Court cannot discern a claim arising under the Constitution or any other federal law. As the Court noted in its earlier order, the ACLUm is a private non-profit organization. To the extent Anilus is attempting to allege that the ACLUm violated his rights under the First or Fourth amendments to the United States Constitution, any such claim fails because these amendments do not apply to the actions of private organizations or private individuals. *See, e.g.*, *Cohen v. Cowles Media Co.*, 501 U.S. 663, 668 (1991) (if alleged misconduct does not "involve[] 'state action' within the meaning of the Fourteenth Amendment," "the First Amendment has no bearing on this case"); *District of Columbia v. Carter*, 409 U.S. 418, 423 (1973) ("The Fourteenth Amendment itself 'erects no shield against merely private conduct, however discriminatory or wrongful.'" (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948))).

Accordingly, this action is DISMISSED for lack of subject matter jurisdiction.

**SO ORDERED.**

    /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE